## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**COURTNEY CORTEZ POLLARD**                                    **PETITIONER**
**ADC #124010**

**V.**                        **No. 4:25-cv-00171-JM-ERE**

**DEXTER PAYNE, Director ADC**                                **RESPONDENT**

### <u>RECOMMENDED DISPOSITION</u>

This Recommendation ("RD") has been sent to United States District Judge
James M. Moody, Jr. You may file objections if you disagree with the findings and
conclusions set out in the RD. Objections should be specific, include their factual or
legal basis, and be filed within fourteen days. If you do not object, you risk waiving
the right to appeal questions of fact, and Judge Moody can adopt this RD without
independently reviewing the record.

## I.    Introduction

Courtney Cortez Pollard, an Arkansas Division of Correction inmate, has filed
a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reasons that
follow, the Court recommends that the petition be denied and the case dismissed
with prejudice as time barred.

## II.    Procedural Background

On July 17, 2008, a Crittenden County, Arkansas jury convicted Mr. Pollard of first-degree murder and use of a prohibited weapon. *Doc. 8-1 at 57-58.* He was sentenced as a habitual offender to consecutive terms of life and 144 months in prison. *Id.*

Mr. Pollard appealed, asserting that the trial court erred by: (1) refusing to instruct the jury on manslaughter as a lesser-included offense; and (2) denying his motion for a mistrial pursuant to Rule 615 of the Arkansas Rules of Evidence. *Id. at 7*. On September 24, 2009, the Arkansas Supreme Court rejected each claim on its merits and affirmed Mr. Pollard's convictions.   *Pollard v. State*, 2009 Ark. 434 (2009).

On November 25, 2009, Mr. Pollard filed a petition for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure, which he later amended. *Doc. 8-3 at 40-47*. On June 1, 2011, the trial court denied Mr. Pollard's Rule 37 petition. *Id. at 72*.  Mr. Mr. Pollard appealed, and on May 15, 2014, the Arkansas Supreme Court affirmed. *Pollard v. State*, 2014 Ark. 226, 1 (2014).

On February 24, 2020, Mr. Pollard filed, through counsel, a state petition for writ of habeas corpus in the Circuit Court of Lee, County, Arkansas, alleging juror bias and reporting that Eva Moore, a witness for the prosecution, had recanted her

trial testimony. *Doc. 8-5*. On February 14, 2023, the Circuit Court denied the petition. *Doc. 8-6*. Mr. Pollard did not appeal.

On July 16, 2024, Mr. Pollard filed a second state petition of writ of habeas corpus, without the assistance of counsel, in the Circuit Court of Jefferson County, Arkansas, repeating the arguments he had asserted in his 2020, Lee County petition. *Doc. 8-7*. On October 3, 2024, the Circuit Court denied the petition. *Doc. 8-8*.

On April 21, 2025, Mr. Pollard filed a belated notice of appeal in the Jefferson County habeas case, stating that "he did not receive the order denying [his state habeas petition] until April 4, 2025."[1] As of the date of this Recommendation, the state court has taken no action on Mr. Pollard's belated notice of appeal.

On February 27, 2025, Mr. Pollard filed the § 2254 petition now before the Court (*Doc. 1*), along with a memorandum of law (*Doc. 2*) and addendum. *Doc. 3*. He asserts that he is entitled to a new trial on the first-degree murder conviction based on: (1) actual innocence; (2) justification; (3) witness recantation; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel.

---

[1] See *Pollard v. Payne,* No. 35CV-24-619 (Jefferson Cty. Cir. Ct), accessible at https://caseinfo.arcourts.gov/cconnect/PROD/public. Respondent did not mention Mr. Pollard's belated notice of appeal in the response.

On March 31, Respondent filed a motion to dismiss the petition and a brief in support (*Docs. 7, 8*) asserting that: (1) the petition is time barred; and (2) Mr. Pollard's claims are procedurally defaulted.[2]

On June 11, Mr. Pollard filed a response in opposition to the motion to dismiss, arguing that his actual innocence overcomes any procedural or time bar that would otherwise prevent federal habeas review. *Doc. 18.*

## III.    Factual Background

In affirming Mr. Pollard's convictions for first-degree murder and criminal use of a prohibited weapon, the Arkansas Supreme Court summarized the trial evidence as follows:[1]

> By his own admission, Pollard shot and killed Marvin Banks on the night of September 28, 2007. Banks's brother, Carl Banks, testified at trial that he was leaving a house at approximately 10:00 p.m. that night when Pollard pulled in front of the house in a black vehicle, exited the vehicle with a sawed-off shotgun, and asked, "Where's Marvin?" Pollard then returned to the vehicle, and it sped away. Similarly, Eva Moore testified that she witnessed Pollard get out of a vehicle with a sawed-off shotgun after it pulled into her driveway and that Pollard stated that he intended to shoot Banks. Moore stated that the vehicle then drove away and that she later witnessed Banks walking toward Pollard and heard Banks "saying something like 'You want some more?'"
>
> According to eyewitness Ozie Williams, Pollard got out of a vehicle with a gun as Banks approached him on a street. Williams testified that Banks stopped behind a car, took off his white T-shirt, wrapped it around his hand, and told Pollard to put the gun down and "fight me

---

[2] Because Mr. Pollard's petition is clearly time-barred, I will not address Respondent's procedural default argument.

like a man." Williams testified that Pollard then shot Banks as Banks stood still in the middle of the street. Another witness, Stephanie Brown, testified that she heard Pollard and Banks arguing just before Banks raised his hands and Pollard shot him. No eyewitness testified that Banks was armed with a gun.

Pollard took the stand at trial and testified that he feared Banks because of Banks's violent reputation and because Banks had accused him of being a "snitch." Pollard stated that Banks showed him the butt of a pistol in his waistband and threatened him on the night of the killing. Pollard testified that later the same night, Banks approached him on a street with his fist wrapped in something. Pollard stated that he "believed" that Banks had a gun and that he shot Banks, because he believed Banks intended to kill him.

Gary Banks of the Crittenden County Sheriff's Office testified that he received a phone call from Pollard on the night of September 28, 2007, or the early hours of the 29th, and that Pollard admitted shooting Banks. Pollard later turned himself into the sheriff's office, and officers recovered a shotgun from his vehicle, later identified as the murder weapon.

*Pollard v. State*, 2009 Ark. 434, 2-3 (2009).

## IV.    Discussion

### A.    Mr. Pollard's Petition is Time Barred

#### 1.    The One-Year Statute of Limitation For Mr. Pollard's Petition Began Running June 9, 2023

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitation for a state prisoner's federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four alternative dates, and the applicable date in this case is

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Mr. Pollard appealed his conviction to the Arkansas Supreme Court. He did not seek further review by moving for a rehearing in the Arkansas Supreme Court, nor did he petition the United States Supreme Court for a writ of certiorari. Thus, the AEDPA's limitation period began to run when his time for filing a petition for a writ of certiorari expired, which fell ninety days after the Arkansas Supreme Court issued its judgment affirming his convictions. *Jihad v. Hvass*, 267 F.3d 803, 804–05 (8th Cir. 2001) (noting that the time for seeking direct review of a state court conviction includes the ninety-day period in which a state court defendant may petition the United States Supreme Court for a writ of certiorari).

The Arkansas Supreme Court issued its judgment on September 24, 2009, and Mr. Pollard had ninety days, until December 23, 2009, to petition for a writ of certiorari. Mr. Pollard's judgment of conviction became final and the AEDPA limitation period commenced the next day, December 24, 2009.[3] Subject to any

---

[3] *Johnson v. Hobbs*, 678 F.3d at 607, 610 & n.3 (8th Cir. 2012) (explaining that petitioner's state conviction became final when he could no longer seek review by the Arkansas Supreme Court—specifically, the day after the deadline for filing a petition for review); *King v. Hobbs*, 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (noting that the AEDPA limitation period began running the day after the deadline for filing a petition for review with the Arkansas Supreme Court); Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period).

applicable period for statutory or equitable tolling, he had one year, until December
24, 2010, to file a federal habeas petition.

> **2.    Statutory Tolling Paused the AEDPA Limitation Period
> From December 24, 2009 to May 15, 2014, Giving Mr.
> Pollard Until May 15, 2015 to File a § 2254 Petition**

The AEDPA limitation period is tolled "[t]he time during which a properly
filed application for State post-conviction or other collateral review with respect to
the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

Mr. Pollard filed a Rule 37 petition on November 25, 2009, after the Arkansas
Supreme Court denied his direct appeal but before December 24, 2009, when his
judgment of conviction became final for purposes of the AEDPA. The one-year
AEDPA limitation period was tolled from December 24, 2009 through May 15,
2014, when the Arkansas Supreme Court affirmed the trial court's denial of
postconviction relief. The deadline for filing a federal habeas petition expired one
year later, on May 15, 2015.  Mr. Pollard's subsequent state habeas petitions filed in
2020 and 2024 are of no consequence because the one-year AEDPA limitation period
for filing a federal habeas petition cannot be tolled after it has expired. *Jackson v.
Ault*, 452 F.3d 734, 735–36 (8th Cir. 2006)

> **3.    Mr. Pollard Is Not Entitled to Equitable Tolling**

The one-year period for filing a § 2254 habeas petition may be equitably tolled
if a petitioner can demonstrate that: (1) he has been "pursuing his rights diligently,"

but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Eighth Circuit has made clear that equitable tolling is not warranted based on a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

Mr. Pollard does not argue that an extraordinary circumstance caused him to miss the AEDPA filing deadline, and any argument that Eva Moore's recanted testimony caused Mr. Pollard to miss his 2015 filing deadline fails. Ms. Moore recanted her testimony in 2019, after the AEDPA statute of limitations had expired. *Doc. 8-5 at 10-12* (Eva Moore Aff., dated June 19, 2019).

### 4.    Gateway Actual Innocence Does Not Apply

A habeas petitioner may invoke the actual innocence or the fundamental miscarriage of justice exception to overcome the AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, this gateway to federal habeas review is very narrow and tenable claims are rare. *Id*. To open the gate, Mr. Pollard must satisfy a demanding, two-part test: "First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial." *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001) (citing *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). "Second, the petitioner must establish 'that it

8

is more likely than not that not that no reasonable juror would have convicted him in light of the new evidence.'" *Amrine*, 238 F.3d at 1029 (quoting *Schlup*, 513 U.S. at 327).

Mr. Pollard asserts that he is actually innocent "based on the law of justification" and Eva Moore's 2019 affidavit. Ms. Moore has consistently acknowledged that she did not witnesses the shooting that resulted in Marvin Banks' death, but her 2019 affidavit adds new information not disclosed in her trial testimony: that immediately after the shooting, Ozzie Williams stated that Marvin Banks had a gun, and Banks and Pollard shot at each other. *Id*.  According to Ms. Moore's uncorroborated 2019 affidavit, eleven years after her 2008 trial testimony, she decided to "change her story" because she had a stroke and wanted to be honest. *Doc. 3 at 328*.

 "Recantation testimony is properly viewed with great suspicion." *Dobbert v. Wainwright*, 468 U.S. 1231, 1233–34 (1984) (Brennan, J., dissenting from denial of certiorari). "It upsets society's interest in the finality of convictions, is very often unreliable and given for suspect motives, and most often serves merely to impeach cumulative evidence rather than to undermine confidence in the accuracy of the conviction." *Id*.

In addition to lacking reliability, Ms. Moore's changed testimony does not make it more likely that no reasonable juror would have convicted Mr. Pollard. In

assessing the impact of new evidence, a court "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 538 (2006) (cleaned up). Ms. Moore's 2019 testimony, that Ozzie Williams stated that Marvin Banks had a gun and shot at Mr. Pollard, is at odds with the testimony of eyewitnesses Ozzie Williams, Stephanie Brown, and Mr. Pollard himself.  According to Mr. Pollard's own testimony, he believed that Mr. Banks had a gun hidden in a white shirt he had wrapped around his hand, but he did not say that he saw a gun in Mr. Pollard's hand or that Mr. Pollard shot at him. At best, Ms. Moore's 2019 affidavit serves as "[l]atter-day impeachment evidence[, which] seldom, if ever, makes a clear and convincing case that no reasonable jury could believe the core of the witness's account." *Sawyer v. Whitley*, 505 U.S. 333, 334 (1992).

Ms. Moore's 2019 affidavit does not compel a conclusion that Mr. Pollard acted in self-defense fails to meet the extraordinarily high threshold for actual innocence.[4]

---

[4] Respondent also argues that Mr. Pollard's self-defense argument "merely goes to legal sufficiency, not factual innocence." *Doc. 8 at 12*. While Respondent is correct that actual innocence requires factual, not legal, innocence, it is not clear that this alternative argument has merit. Under Arkansas law, "the self-defense justification is not an affirmative defense which must be pled but becomes a defense when any evidence tending to support its existence is offered to support it. It does not matter whether the evidence of self-defense comes from the defense's case or the prosecution's case." *Cagle v. Norris*, 474 F.3d 1090, 1096 (8th Cir.  2007) (citing *Anderson v. State,* 353 Ark. 384, 108 S.W.3d 592, 604 (2003)). Justification is considered an element of the

## V.    Conclusion

Mr. Pollard filed his petition for habeas corpus beyond the one-year limitation period, and neither statutory nor equitable tolling nor gateway actual innocence excuses his late filing.

IT IS THEREFORE RECOMMENDED that:

1.    Petitioner Courtney Cortez Pollard's § 2254 petition for writ of habeas Corpus (*Doc. 1*) be DISMISSED with prejudice.

2.    A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[5]

Dated 5 August 2025.

_____
UNITED STATES MAGISTRATE JUDGE

_____

offense, and once raised, must be disproved by the prosecution beyond a reasonable doubt. *Id.* Consequently, new, reliable evidence that Mr. Pollard acted in self-defense would negate an essential element of his crime, which under Eighth Circuit precedent would go to his factual innocence. *Jones v. Delo*, 56 F.3d 878, 883 (8th Cir.1995) (holding that petitioner's claim of innocence was actual, not legal, because it negated an essential element of his conviction; see also *Smith v. State*, 2025 Ark. 83, 6 (2025) ("Justification is a matter of intent and a question of fact for the jury.").

[5] A certificate of appealability should be denied because Mr. Pollard has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).